UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>HOMESERVICES LENDING LLC., dba HOMESERVICES; and DOHERTY EMPLOYMENT GROUP, INC.,<br><br>    Defendants. | Civil No. 11cv0922 L (MDD)<br><br>**ORDER GRANTING JOINT MOTION TO FILE DEFENDANTS' EXHIBITS J AND K UNDER SEAL**<br>**[doc. #55]** |

    Defendants filed a motion to deny class certification with attachments. Exhibits J and K contain private financial documents concerning two plaintiffs. The parties now move jointly to have these two exhibits filed under seal in order to protect plaintiffs' financial information from public view.[1]

    Historically courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Three standards generally govern motions to seal documents. A "compelling reasons" standard applies to most judicial records. *Pintos v. Pacific Creditors*

---

[1] Although the parties jointly move to seal the exhibits, the Court reviews the applicable standards for sealing documents because of the public policies favoring disclosure in documents submitted in judicial proceedings.

Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pinto*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citations omitted).

Another standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons."*Id.* ( *Kamakana*, 447 F.3d 1178 (citation and internal quotation marks omitted).

A final standard applies to "private materials unearthed during discovery," as such documents are not part of the judicial record. *Id.* at 668 (quoting *Kamakana* at 1180.) Federal Rule of Civil Procedure 26(c) provides that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The relevant standard for purposes of Rule 26(c) is whether " 'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002). The "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. The cognizable public interest in judicial records that underlies the "compelling reasons" standard does not exist for documents produced between private litigants. *See Kamakana*, 447 F.3d at 1180 (holding that "[d]ifferent interests are at stake with the right of access than with Rule 26(c)"); *Foltz*, 331 F.3d at 1134 ("When discovery material is filed with the court ... its status changes.").

But the "good cause" standard is not limited to discovery. *Id.* The "good cause" is also the

proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted").

In the present case, the documents sought to be filed under seal – Exhibits J and K – contain plaintiffs' sensitive financial information that was produced during discovery and that is attached to a nondispositive motion. Applying the "good cause" standard, the Court finds sealing Exhibits J and K to be appropriate.

Based on the foregoing, **IT IS ORDERED** the parties' joint motion to seal previously filed Exhibits J and K [doc. #55] attached to defendants' motion to deny class certification [doc. #52] is **GRANTED**. The Clerk of the Court is directed to seal Exhibits J and K.

**IT IS SO ORDERED.**

DATED:  November 13, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL